IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD C. WILSON | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | NO. 04-5396 |

## MEMORANDUM AND ORDER

L. FELIPE RESTREPO                                                                      FEBRUARY 22, 2012
UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion of Defendant, R. Seth Williams,[1] to Dismiss Plaintiff's Third Amended Complaint, Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The motion requests dismissal of all claims against Mr. Williams on the following bases: (1) the claims are barred by the statute of limitations; (2) Mr. Williams is not a proper party in this matter because of his lack of personal involvement; and (3) plaintiff's state law claims against Mr. Williams should be dismissed because he is immune from liability under Pennsylvania law. See Def.'s Br. 7-10. In his Response to defendant's motion, plaintiff argues that: (1) Mr. Williams is a proper party to this civil action in his official capacity; (2) plaintiff's claims are not time-barred; and (3) plaintiff is not pursuing claims against Mr. Williams for a violation of state law. See Pl.'s Resp. 2-6. For the reasons which follow, defendant's motion is denied.

---

[1] Mr. Williams is the Philadelphia District Attorney.

[2] Plaintiff acknowledges that he "erroneously labeled his most recent Complaint, 'Third Amended Complaint,' when it is only the second time he has amended his Complaint." See Pl.'s Resp. Opp. Def.'s Mot. to Dismiss (hereinafter cited as "Pl.'s Resp.") 1 n.1.

## Discussion

In support of his motion to dismiss, Mr. Williams argues that plaintiff alleges liability for events that occurred at the Philadelphia District Attorney's Office "in 1989 during Plaintiff's first trial," but that Mr. Williams "was barely a law student in 1989." See Def.'s Br. 8. Therefore, contending "that there must be an element of personal involvement on the part of the defendant through particular participation, knowledge, or acquiescence," defendant's motion requests that "the claim against him in his official capacity must be dismissed." Id.

"Claims against individuals in their **official** capacities are equivalent to claims against the government entity itself." Wise v. Augustine, 1997 WL 534695, *3 (E.D. Pa. Aug. 8, 1997); see Brandon v. Holt, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"); Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). "A claim of an unconstitutional custom or policy is necessary for [p]laintiffs to hold the individual district attorneys liable in their official capacities." See Wise, 1997 WL 534695, at *3. In particular, "[t]o hold a local government unit, such as a district attorney's office, liable under § 1983, the plaintiff must show that (1) he was deprived of a constitutionally protected right, and that (2) an official policy or custom caused that deprivation." Id. (citing 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978)).

Here, as Mr. Williams acknowledges, see Def.'s Br. 8, plaintiff brings this action against him only "in his **official** capacity" as District Attorney, see Pl.'s Third Am Compl. ¶ 11, and alleges plaintiff was deprived of his constitutionally protected rights as a result of "a

2

longstanding pattern and practice of invidious discrimination in the [District Attorney's] Office," id. ¶ 33 (alleging that Mr. Williams is being "sued in his official capacity"); see id. ¶¶ 34-37, 59-62; see also Def.'s Br. 8 (acknowledging that plaintiff alleges claims against Mr. Williams in his official capacity in alleging liability for a custom and practice that occurred at the Philadelphia District Attorney's Office). Accordingly, to the extent that defendant's motion requests that plaintiff's claims against Mr. Williams should be dismissed on the ground that it lacks "an element of personal involvement," see Def.'s Br. 8, defendant's motion is denied.

Mr. Williams further argues that plaintiff's claims against him should be dismissed due to the statute of limitations. See Def.'s Br. 7. He contends that since plaintiff did not specifically include Mr. Williams in the Complaint filed within the statute of limitations that the claims against him in Plaintiff's Third Amended Complaint should be dismissed as time-barred. Id. at 7-8.

As explained, claims against Mr. Williams in his official capacity are equivalent to "claims against the government entity itself." See Wise, 1997 WL 534695, at *3; see Brandon, 469 U.S. at 471-72; Graham, 473 U.S. at 166. As plaintiff points out in his brief, the City and the District Attorney were named as defendants "at the time of the original Complaint and because the allegations at issue here were lodged in that Complaint (as well as in the more recently filed Amended Complaint), there is no bar to pursuing" plaintiff's claims against Mr. Williams, see Pl.'s Resp. 3-4. In addition, Rule 25(d) of the Federal Rules of Civil Procedure provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically

3

> substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d); see also Estate of Smith v. Hamilton County Dep't of Job and Family Servs., 2007 WL 2572184, *5 (S.D. Ohio Aug. 31, 2007) (naming the District Attorney to the lawsuit after the statute of limitations expired was not time-barred in light of Fed. R. Civ. P. 25(d)'s provision that "the omission to enter the substitution [of the District Attorney] will not affect the Plaintiff's ability to do so"). Accordingly, Mr. Williams' request to dismiss plaintiff's claims against him as time-barred and for lack of Mr. Williams' personal involvement is denied.

Finally, Mr. Williams requests that plaintiff's state law claims against him should be dismissed. See Def.'s Br. 8. In response, plaintiff represents that he is not pursuing any state law claims against Mr. Williams, and he is not requesting that the Court exercise supplemental jurisdiction in that regard. See Pl.'s Resp. 6. Accordingly, defendant's motion to dismiss is granted insofar as it requests that any and all state law claims against Mr. Williams be dismissed.

An implementing Order follows.