IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD C. WILSON | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | NO. 04-5396 |

MEMORANDUM

U.S. Magistrate Judge L. Felipe Restrepo                             May 8, 2013

     Before the Court is the Motion for Judgment on the Pleadings (Doc. #121) filed by Defendant, R. Seth Williams, the District Attorney of Philadelphia, requesting dismissal of Plaintiff's Third Amended Complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, the motion asserts that Plaintiff, Harold C. Wilson, is barred from pursuing his claim against the District Attorney's Office relating to the Office's alleged longstanding pattern and practice of engaging in violations of Batson v. Kentucky, 476 U.S. 79 (1986), (hereinafter the "official capacity Batson claim"), on the following bases: (1) the claim was previously dismissed with prejudice, or in the alternative, was dismissed without prejudice but caused the statute of limitations to expire; and (2) Wilson's purported amendment of such claim exceeds the mandate of the Third Circuit. For the reasons set forth below, Defendant's motion is denied.

     As a preliminary matter, there is no question that Plaintiff's Third Amended Complaint adequately alleges a pattern and practice claim under Monell v. Department of Soc. Servs., 436 U.S. 658 (1978), related to the District Attorney's Office's alleged practice of engaging in

violations of Batson, sufficient to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Defendant Williams does not argue otherwise. Instead, Defendant contends that Plaintiff is barred from pursuing such a claim because Plaintiff previously conceded it. While it is true that Plaintiff made a concession related to his Batson claim, it is not clear that Plaintiff's concession was as broad as Defendant would have us define it.

With respect to Plaintiff's Batson claim, Plaintiff stated: "Plaintiff concedes that, according to the case law, defendants are entitled to absolute immunity for that egregious conduct." See Doc. #60, at 2. As the above language indicates, it is undisputed that Plaintiff agreed to dismiss his Batson claim against the District Attorney Defendants ("DA Defendants") in their individual and supervisory capacities, conceding that there is no question that prosecutors have absolute immunity from such claims. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976). It is not clear, however, that Plaintiff voluntarily dismissed his official capacity Batson claim. Notably, Plaintiff's concession references absolute immunity, an immunity that, under black letter law, has no application to municipalities, and as such, is of no moment to claims against the District Attorney's Office itself. Moreover, this Court's March 31, 2010 Order disposing of the DA Defendants' Motion to Dismiss references the doctrine of absolute immunity in dismissing the Batson claim against the individual Defendants, making no suggestion that the official capacity Batson claim was dismissed. See Doc. #77 ("Defendants' Motion to Dismiss is granted to the extent that they request that plaintiff's claims alleging conduct taken in the moving defendants' *quasi-judicial role* . . . be dismissed.") (emphasis added). This likewise appears to be the Third Circuit's understanding of that Order. See Wilson v. City of Phila., No. 07-3260, 2009 U.S. App. LEXIS 2558 (3d. Cir. Feb. 6, 2009) (summarizing this Court's March 31, 2010

2

Order as "grant[ing] the motion to dismiss . . . with respect to . . . Wilson's claims against Appellants in their *individual capacities* relating to the jury selection process in Wilson's 1989 prosecution . . . .") (emphasis added).

Defendant next argues that Plaintiff's claim should be dismissed, in the alternative, as exceeding the mandate of the Third Circuit. This argument is without merit. The Batson claim was never presented to the Third Circuit and, as such, the Court did not address Plaintiff's claim that the District Attorney's Office had a longstanding pattern and practice of engaging in Batson violations. Nor could the Court. Unlike claims against individual prosecutors, claims against the District Attorney's Office itself do not implicate absolute or qualified immunity, and interlocutory orders concerning such claims are not immediately appealable.

For the reasons set forth above, Defendant's motion is DENIED. An implementing Order follows.